UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: WELLS FARGO ERISA 401(k) LITIGATION | Case No. 16-CV-3405 (PJS/BRT)<br><br>ORDER |

Adam J. Levitt and Daniel R. Ferri, DICELLO LEVITT & CASEY LLC; Robert K. Shelquist and Rebecca A. Peterson, LOCKRIDGE GRINDAL NAUEN P.L.L.P.; Richard M. Elias, Greg G. Gutzler, and Tamara M. Spicer, ELIAS GUTZLER SPICER LLC; Lori G. Feldman and Michael B. Ershowsky, LEVI & KORSINSKY LLP; W. Daniel "Dee" Miles, III, Rebecca D. Gilliland, and Claire E. Burns, BEASLEY ALLEN CROW METHVIN PORTIS & MILES, P.C.; Samuel E. Bonderoff, Jacob H. Zamansky, Edward H. Glenn, Jr., and Justin Sauerwald, ZAMANSKY LLC; Carolyn G. Anderson and June P. Hoidal, ZIMMERMAN REED LLP; and Douglas J. Nill, DOUGLAS J. NILL, PLLC, for plaintiffs.

Russell L. Hirschhorn, Joseph E. Clark, Howard Shapiro, and Lindsey H. Chopin, PROSKAUER ROSE LLP; Kirsten E. Schubert and Stephen P. Lucke, DORSEY & WHITNEY LLP, for defendants.

This matter is before the Court on defendants' objection to the April 19, 2017 discovery order of Magistrate Judge Becky R. Thorson. A magistrate judge's ruling on nondispositive pretrial matters may be reversed only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The Court has reviewed defendants' objection, plaintiffs' response, and the transcript of the April 19, 2017 hearing at which Judge Thorson described her rulings and the reasons for them. ECF No. 131. Based on that review, the Court sees nothing clearly erroneous or contrary to law, and Judge Thorson's order is therefore affirmed. Just a couple of matters merit comment:

First, in this litigation focused on the allegedly improper sales practices of Wells Fargo, documents "relating to Wells Fargo's Improper Sales Practices" are *by definition* relevant. ECF No. 100-1 at 3. Those documents are relevant to the existence, scope, and duration of the challenged sales practices—and that, in turn, is relevant to what each defendant knew or *should have known* about those sales practices.

Second, the discovery is proportional, particularly in light of the enormous size and resources of Wells Fargo, and in light of the large amount of money that is at stake in this litigation. The Court also notes that Wells Fargo's argument about the burdensome nature of the discovery is short on specifics. The challenged sales practices were thoroughly investigated in 2015, and Wells Fargo is defending—and will continue to defend—other lawsuits regarding those sales practices no matter how this Court rules on the pending motion to dismiss. Thus, for example, Wells Fargo almost surely has already created a privilege log or will need to create such a log in connection with the other pending lawsuits. The *marginal* burden to Wells Fargo of complying with Judge Thorson's order will likely be substantially smaller than the *absolute* burden claimed in its brief.

And finally, even if the procedure established by Judge Thorson for agencies to assert the bank-examiner privilege reflects a "minority view," ECF No. 134 at 10, the

procedure is not unreasonable, much less contrary to law. Should any of the deadlines set by Judge Thorson prove difficult to meet, a party or agency can seek an extension.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT defendants' objection [ECF No. 134] is OVERRULED and Judge Thorson's order [ECF No. 129] is AFFIRMED.

Dated: June 21, 2017

    s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge